# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**SHELLY C. STUART**                                                       **PLAINTIFF**

**v.**                                                   **CAUSE NO. 1:15CV431-LG-RHW**

**ESTATE OF ROGER G. STUART, SR., ET AL.**            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## <u>GRANTING MOTION TO DISMISS</u>

**BEFORE THE COURT** is the Motion [34] to Dismiss Amended Complaint filed by Defendants Karla A. Stuart aka Dumal, and Sherry Stuart. Plaintiff Shelly Stuart has responded. There has been no reply. The Court finds that Shelly's claims are untimely, and therefore will grant Defendants' Motion and dismiss Shelly's claims.

### BACKGROUND

Shelly Stuart alleges that shortly before his death, her father Roger Stuart, Sr., opened a 12-month "payable on death" Certificate of Deposit with Hancock Bank in the amount of $600,000, with herself as beneficiary. Shelly alleges that Roger's Estate owed almost $600,000 in estate taxes, and as the Estate did not have the cash necessary to pay the taxes, she loaned the Estate the funds from the CD. Hancock Bank completed the transfer on April 17, 2007.

Shelly alleges that one half of the transfer was property belonging to her, individually – a total of $304,742.63. She alleges a debt of the Estate was thereby created in her favor for that amount, with interest. She demanded repayment of the debt by letter to the Defendants dated September 25, 2015, and now seeks

repayment by way of this lawsuit.

The Defendants move for dismissal, arguing that the allegations of the Amended Complaint are insufficient to state a plausible claim, and that it is apparent from the face of the Amended Complaint that Shelly's claims are barred by the applicable statute of limitations and the statute of frauds.

DISCUSSION

A. The Legal Standard

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege sufficient facts that, taken as true, state a claim that is plausible on its face." *Amacker v. Renaissance Asset Mgmt. LLC,* 657 F.3d 252, 254 (5th Cir. 2011). "To survive a motion to dismiss, a complaint must contain ... factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The complaint "does not need detailed factual allegations," but the facts alleged must "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.,* 339 F.3d 359, 366 (5th Cir. 2003). "While the district court must accept as true all factual allegations in the complaint, it need not resolve unclear questions of law in favor of the plaintiff." *Kansa Reinsurance v. Cong. Mortg.,* 20 F.3d 1362, 1366 (5th Cir. 1994)

(internal citations omitted).

B.  Statute of Limitations

In Mississippi, the statute of limitations on an open account or account not acknowledged in writing is three years after the cause of action accrues.  Miss. Code Ann. § 15-1-29.[1]  The defendants appear to contend the three year period began when the loan was created in 2007, while Shelly argues that the limitations period began when she made a demand for payment in 2015.

Mississippi law supports the defendants' position.  In the early case of *Minor v. McDowell*, the Mississippi Supreme Court held that

> [a]n obligation to pay money on demand, whether such obligation be evidenced by writing or upon open account, is due and payable from its date, and the statute of limitations begins to run against such an obligation from its date, and not from the date of demand for its payment.

*Minor v. McDowell*, 113 So. 576, 577 (Miss. 1927).  More recently, the Mississippi Court of Appeals considered an action by an estate to recover loans made to one of

---

[1] Mississippi Code Annotated Section 15-1-29 provides:

Except as otherwise provided in the Uniform Commercial Code, actions on an open account or account stated not acknowledged in writing, signed by the debtor, and on any unwritten contract, express or implied, shall be commenced within three (3) years next after the cause of such action accrued, and not after, except that an action based on an unwritten contract of employment shall be commenced within one (1) year next after the cause of such action accrued, and not after.

the heirs.[2] The loans were simply checks made out to the heir that created unwritten implied contracts for repayment, just as the funds transfer in this case created an unwritten implied contract for repayment. The court held that "with no later repayment date to point to, it makes sense that the only accrual date that can be applied is the date the loans were made." *Kennedy v. Est. of Kennedy*, 164 So. 3d 1033, 1038 (Miss. Ct. App. 2014), reh'g denied (Mar. 3, 2015), cert. denied sub nom. *Kennedy v. Kennedy*, 166 So. 3d 38 (Miss. 2015); *see also In re Est. of Holmes*, 188 So. 3d 1229, 1234 (Miss. Ct. App. 2015), reh'g denied (Feb. 9, 2016), cert. denied sub nom. *Holmes v. Turner*, 188 So. 3d 575 (Miss. 2016) (statute of limitations began to run when last check was written, thereby ending implied contract).

Shelly does not allege that a repayment date was attached to her funds transfer. Accordingly, Mississippi law fixes the date of accrual of her cause of action on the date of the loan – April 17, 2007. As her complaint for repayment of the loan was filed well beyond three years from this date and does not raise any basis for tolling, it is barred by the statute of limitations. The defendants' Motion to Dismiss should be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [34] to Dismiss Amended Complaint filed by Defendants Karla A. Stuart aka Dumal, and

---

[2] The court noted that the result would be the same if, as in this case, "the roles were reversed – for example, the estate was the debtor and Timothy the creditor – the estate would have been able to assert the statute of limitations as a defense to Timothy's recovery action." *Kennedy*, 164 So. 3d at 1037.

Sherry Stuart is **GRANTED**.  Plaintiff's claims are **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(6).

**SO ORDERED AND ADJUDGED** this the 21st day of July, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE